***********
Although the Full Commission would have preferred a complete evidentiary hearing, there appears to be sufficient grounds for the Deputy Commissioner's entry of a directed verdict. Therefore, after reviewing the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission affirms with modifications the Decision and Order of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties in a Pre-Trial Agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction over the parties and this claim. The parties are subject to and bound by the provisions of the North Carolina Tort Claims Act.
2. The issues to be determined by the Commission are as follows: (a) was Plaintiff injured or damaged by the negligence of a named employee of Defendant Guilford Technical Community College; and (b) did Plaintiff, by her own negligence, contribute to her injury or damage?
 ***********
Based on the foregoing stipulations and the evidence presented, the Full Commission makes the following:
 FINDINGS OF FACT
1. On 29 October 1999, Plaintiff was enrolled as a student at Guilford Technical Community College (GTCC). At the time, she was earning credits to receive her Associates Degree in Paralegal Studies.
2. Immediately prior to the accident, Plaintiff was studying in the Learning Resource Center (LRC) with another student. The LRC is a building located on the Jamestown Campus of Guilford Technical Community College. The LRC has a brick walkway that traverses the length of the front of the building and one side. The brick walkway is approximately eight to ten feet wide. At the entrance to the LRC, there is a cement walkway leading to the front doors. The cement walkway is approximately eight to ten feet wide, and is on a slight incline to where it meets the brick walkway immediately in front of the front entrance doors of the LRC.
3. On 29 October 1999, Plaintiff exited the LRC with the other student with whom she was studying, and a third student joined them. The day was clear, warm and sunny. The three students were walking abreast as they exited the LRC, crossed the brick walkway, and started down the cement walkway. As Plaintiff started down the cement walkway, she tripped and fell, landing on her back. At the time of her fall, Plaintiff had her backpack slung over one shoulder, her lunch bag and purse in her left hand and she was wearing sandals.
4. After her fall, Plaintiff looked to the side and noticed a depression where the cement walkway abutted the brick walkway. Plaintiff believed that she tripped over this depression. According to Plaintiff's testimony, the depression was at least two inches high.
5. When Plaintiff fell, a call was placed to Campus Police and Sergeant Terry A. Robinson responded to the call. When Sergeant Robinson arrived on the scene, Plaintiff was still lying on her back on the cement walkway. Plaintiff reported to Sergeant Robinson that she stumbled and fell. An ambulance was called and Sergeant Robinson stayed with Plaintiff until she was taken to the Emergency Room at Moses Cone by ambulance.
6. Sergeant Robinson testified that she knew of no previous incidents in which anyone tripped and fell in the area where Plaintiff fell on 29 October 1999. Further, Sergeant Robinson could not find any incident reports regarding any falls that occurred as a result of the depression between the cement walkway and the brick walkway prior to Plaintiff's fall. As a result of the incident, Sergeant Robinson filled out a GTCC Public Safety Department Incident Report, which was admitted into evidence without objection.
7. Prior to Plaintiff's fall, Dan Sitko, Director of Building Maintenance and Capital Projects, inspected the area where the cement walkway joined the brick walkway in front of the entrance to the LRC on 11 October 1999. He conducted the inspection in response to an e-mail from Linda Saunders, a GTCC employee, notifying him that she had received a report from Betty Jean Lipford, another GTCC employee, stating that she had observed a person trip on the depression, but the person was able to catch herself before she fell. Mr. Sitko discovered a depression in the left corner where the cement walkway abutted the brick walkway when exiting the LRC. Upon inspection, Mr. Sitko did not believe that the depression posed a hazard. A work order was placed so that the depression would be corrected. The work order was acted upon in the ordinary and usual course of business. However, the work to correct the depression had not been performed prior to 29 October 1999.
8. Prior to her 29 October 1999 fall, Plaintiff had undergone shoulder surgery in 1998, knee surgery in November or December 1998, and back surgery in January 1999. On 29 October 1999, however, Plaintiff had no difficulty walking and was walking unassisted immediately prior to the fall. In addition, Plaintiff had no disability or condition that prevented her from being able to see clearly.
9. Plaintiff has presented sufficient evidence that Mike Coniglio, the named negligent employee, was responsible for the overall grounds at GTCC. No evidence was presented, however, on Mr. Coniglio's specific duties and responsibilities. Plaintiff has not shown that Mr. Coniglio had actual notice of the defect, but constructive notice can be imputed based on the evidence.
10. Plaintiff has not shown that GTCC was negligent in its handling of the depression in the sidewalk after receiving notice of the defect. Plaintiff did not present expert testimony regarding the safety standards GTCC was required to follow in maintaining its sidewalks in a reasonably safe condition. Plaintiff presented no expert testimony that the condition of the sidewalk caused an increased probability of a pedestrian fall. Plaintiff has presented no evidence that the defect in the sidewalk created a duty to warn pedestrians.
11. Plaintiff testified that on 29 October 1999 there was nothing that was obstructing her view of the walkways on which she walked. She also testified that there was nothing unusual or different about that day, and that she was not distracted by anything while she exited the LRC and started walking down the walkways. Plaintiff admitted on cross-examination that she would have seen the depression in the walkway if she had been looking where she was walking. She further admitted that if she had seen the depression, she would have been able to avoid it by walking around it.
 ***********
Based upon the foregoing Stipulations and Findings of Fact, the undersigned makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff has failed to show that a named agent of Defendant Guilford Technical Community College was negligent and that this negligence caused Plaintiff's injuries. In Evans v. Batten, 262 N.C. 601,602, 138 S.E.2d 213, 214 (1964), the North Carolina Supreme Court found that depressions, uneven or irregular walkways, sidewalks and streets are conditions that are so obvious as to negate a landowner's duty to warn. In the present case, the depression in the walkway of which Plaintiff complains was so obvious that it negated any duty on behalf of Defendant to warn others of it. Accordingly, Plaintiff has failed to present sufficient evidence that Defendant or any of its employees were negligent.
2. It was Plaintiff's duty to keep a reasonable lookout, observe potentially dangerous conditions, and avoid them. Plaintiff failed to do so in this case. But for Plaintiff's own negligence, she would not have been injured. Welling V. City Of Charlotte, 241 N.C. 312, 85 S.E.2d 379
(1955).
 ***********
Based on the foregoing Findings of Fact and Conclusions of Law, the Full Commissions makes the following:
 ORDER
1. Defendant's Motion for a Directed Verdict is ALLOWED, a verdict for the Defendant is GRANTED, and this case is DISMISSED with prejudice.
2. Each side shall pay its own costs.
This the ___ day of January 2005.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_______________ LAURA K. MAVRETIC COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER